# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60368

DISH NETWORK, L.L.C.,

      Petitioner Cross-Respondent

v.

NATIONAL LABOR RELATIONS BOARD,

      Respondent Cross-Petitioner

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2018

Lyle W. Cayce
Clerk

On Petition for Review and Cross-Application
for Enforcement of an Order of the
National Labor Relations Board
NLRB No. 27-CA-158916

Before DAVIS, HAYNES, and DUNCAN, Circuit Judges.

PER CURIAM:*

In the order under review, the National Labor Relations Board (Board) determined that Dish Network, L.L.C. (DISH) violated Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 157, in three ways. First, the Board found that DISH maintained an arbitration agreement with exclusivity requirements a reasonable employee would construe as limiting access to

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60368

Board processes. Second, the Board found that the arbitration agreement's confidentiality clause unlawfully limited an employee's ability to discuss terms and conditions of employment. Third, the Board found that a DISH manager had orally instructed an employee not to discuss his discipline pending the company's investigation and that DISH failed to offer a substantial justification for that instruction.

Following DISH's appeal, however, the Board informed us that it had overruled precedent relevant to the first two findings. *See Boeing Co.*, 365 N.L.R.B. No. 154, at \*16 (2017) (overruling "reasonably construe" standard from *Lutheran Heritage Village-Livonia*, 343 N.L.R.B. 646 (2004) and announcing new standard). The new *Boeing* standard applies retroactively to all pending cases. *Boeing Co.* at \*17-18. Both DISH and the Board thus agree remand is necessary as to the first two findings. We accordingly remand those two findings to the Board. *See, e.g.*, *NLRB v. Food Store Emps. Union, Local 347*, 417 U.S. 1, 10 n.10 (1974) (explaining "a court reviewing an agency decision following an intervening change of policy by the agency should remand").

The parties dispute whether *Boeing* impacts the third finding related to the oral instruction and therefore disagree about the need to remand that question. Whether or not *Boeing* impacts that third finding, however, we conclude remand is appropriate in the interest of judicial efficiency. *See, e.g.*, *Grill Concepts Servs., Inc. v. NLRB*, 722 F. App'x 1, 2 (D.C. Cir. 2018) ("Although these determinations are unaffected by the new *Boeing* test, we believe it would waste judicial resources to hear and decide them now while,

No. 17-60368

at the same time, a substantial part of the case is remanded.").[1] Accordingly, we also remand the Board's determination concerning the oral instruction.

The case is REMANDED in its entirety to the Board for further consideration. All pending motions are DENIED as moot.

---

[1] We cite our sister circuit's decision for its persuasive value only. *See also* D.C. CIR. R. 32.1(b)(1)(B) (providing that the D.C. Circuit's "unpublished orders or judgments … entered on or after January 1, 2002, may be cited as precedent" in that court).